**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CH Management, LLC, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWERS AND COUNTERCLAIM** |
| | ) | **(Jury Trial Demanded)** |
| Gama Aviation, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant Gama Aviation, LLC responding to the Plaintiff's Complaint as follows:

1. The allegations of the Complaint not specifically admitted herein are denied.

2. The Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and 2 and therefore denies the same.

3. The Defendant lacks information sufficient to form a belief as to the whereabouts of the Aircraft. The Defendant admits it was previously stored in Charleston County.

4. In responding to the allegations of Paragraph 4, the Defendant lacks information sufficient to form a belief as to the current servicing of the Aircraft. All inconsistent allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied. Jurisdiction should be in the District of Connecticut.

6. In responding to the allegations of Paragraph 6, the Defendant admits only that it is only a Delaware limited liability company. The Defendant admits entering into two contracts with the Plaintiff and admits it has as contracts with other entities in other parts of the country. All inconsistent allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraphs 8 and 9 are admitted.

9. The allegations of Paragraphs 10 through 12 are denied. The Defendant admits preparing a proposal with an estimate of revenue and expenses.

10. The allegations of Paragraphs 13 and 14 are denied.

11. In responding to the allegations of Paragraph 15, the Defendant admits only entering into a guarantee provision. All inconsistent allegations of Paragraph 15 are denied.

12. The allegations of Paragraph 16 are denied.

13. Responding to the first sentence contained in the allegations of Paragraph 17, the Defendant lacks information sufficient to form a belief regarding whether the Aircraft has ever been flown through the State of Connecticut. Regarding the second sentence contained in the allegations of Paragraph 17, the Defendant denies these allegations except admits that some, but not all, charter flights originated from, or were completed at, Charleston, SC.

14. The allegations of Paragraph 18 are denied.

15. The allegations of Paragraph 19 are denied as stated. The Plaintiff was given a credit to their account as it had an outstanding balance to the Defendant which has not been paid.

16. The allegations of Paragraph 20 are denied.

17. In responding to the allegations of Paragraph 21, the Defendant admits only receiving a letter on or about the date mentioned but denies being in default. All inconsistent allegations of Paragraph 21 are denied.

18. The allegations of Paragraph 22 are admitted.

19. The allegations of Paragraphs 23 and 24 are denied.

20. The allegations of Paragraphs 25 and 26 are admitted.

21. The allegations of Paragraph 27 are admitted.

22. The allegations of Paragraphs 28 and 29 are denied.

23. The allegations of Paragraph 30 through 32 are admitted.

24. The allegations of Paragraphs 33 and 34 are denied.

25. The allegations of Paragraphs 35 and 36 are admitted.

26. The allegations of Paragraph 37 are denied.

27. The allegations of Paragraph 38 are admitted.

28. The allegations of Paragraphs 39 and 40 are denied.

29. In responding to the allegations of Paragraph 41, the Defendant reiterates its responses to the allegations of Paragraphs 1 through 40 above.

30. The allegations of Paragraph 42 are denied as stated. The Defendant admits being engaged in interstate commerce.

31. The allegations of Paragraph 43 are a conclusion of law for which this Defendant is required to neither admit nor deny. To the extent that a response is required, the Defendant would deny the same.

32. The allegations of Paragraph 44 through 48 are denied.

33. In responding to the allegations of Paragraph 49, the Defendants reiterates its responses to the allegations of Paragraphs 1 through 48 above.

34. The allegations of Paragraph 50 are admitted.

35. The allegations of Paragraphs 51 through 58 are denied.

36. In responding to the allegations of Paragraph 59, the Defendant reiterates its responses to the allegations of Paragraphs 1 through 58 above.

37. The allegations of Paragraphs 60 through 64 are denied.

### FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE

38. This matter was originally brought in an improper venue (The Court of Common Pleas for Charleston County, State of South Carolina). It was removed to the District of South Carolina because, by Statute, it must be removed to the Federal District in which the State action was brought. The correct jurisdiction and venue is the Federal District of Connecticut and the Defendant will move to transfer venue.

### FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE

39. The Plaintiff's tort claims are barred by the economic loss rule.

### FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE

40. The Plaintiff's contractual claims are barred by its own active interference by making the craft unavailable for charter.

### FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE

41. The Plaintiff's Complaint may be barred in whole or in part by the doctrines of estoppel and/or waiver.

### FURTHER RESPONDING AND AS AN AFFIRMATIVE DEFENSE

42. Defendant is or may be entitled to such offsets that may be revealed by information obtained during the course of investigation and discovery as consistent with applicable law.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

43. Plaintiff's claims, either in whole or in part, are barred by the terms of the subject Agreements.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

44. Plaintiff's claims, either in whole or in part, are barred by the parole evidence rule.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

45. Plaintiff's claims may be barred, either in whole or in part, by the statute of frauds.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

46. Plaintiff's claims may be barred, either in whole or in part, by Plaintiffs' failure to mitigate their damages.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

47. The damages sustained by Plaintiff, if any, were caused by Plaintiff's own negligence and/or the intervening and superseding negligence of others not under the control of Defendant; thus, Plaintiff's recovery, if any, should be barred or reduced as provided by law.

**FURTHER RESPONDING AND AS
AN AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred, in whole or in part, because any alleged rights or remedies in favor of Plaintiff against this Defendant have been discharged or released by reason of various acts and omissions on the part of Plaintiff, each of which, in and of itself, constitutes a legally sufficient cause to affect such discharge or release.

## FURTHER RESPONDING AND AS
## AN AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred by their own failure to perform their contractual duties and to satisfy conditions precedent.

## FURTHER RESPONDING AND AS
## AN AFFIRMATIVE DEFENSE

50. Plaintiff's Complaint fails to state a claim upon which prejudgment interest can be awarded and/or allege facts which, if proven, would entitle Plaintiff to an award of prejudgment interest.

## FURTHER RESPONDING AND AS
## AN AFFIRMATIVE DEFENSE

51. Defendant reserves the right to raise any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the Federal Rules of Civil Procedure.

## FURTHER RESPONDING AND AS A COUNTERCLAIM
## AGAINST THE PLAINTIFF
**(Breach of Contract)**

52. Two valid and enforceable contracts exist between the Plaintiff and the Defendant. They are the Non-Exclusive Aircraft Master Lease Agreement and the Aircraft Services Agreement. Both are dated June 1, 2021.

53. The Plaintiff has breached these contracts with the Defendant.

54. The Defendant has been damaged in an amount exceeding $75,000 by the Plaintiff's breaches of these contracts.

                                      Respectfully submitted,

                                      EARHART OVERSTREET LLC

This 8th day of May, 2023.

                                      By:   *s/ Ryan A. Earhart*

                                              RYAN A. EARHART
                                              Federal Bar No.: 7395
                                              ryan.earhart@earhartoverstreet.com

                                    *Attorney for Defendant Gama Aviation, LLC*

P.O. Box 22528
Charleston, SC 29413
843-972-9400